THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE THOMPSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 16, 1967, convicting him of attempted grand larceny in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant, along with two others, was indicted for robbery in the first degree, grand larceny in the first degree and assault in the second degree. The charges stem from a robbery allegedly committed in a hallway against one Arthur Lightsey. Lightsey is deaf and illiterate, but able to read lips. He does not know " sign language " and communicates by making verbal sounds which can be understood only by those with special training. When he was called to testify, the People introduced his sister to the court and offered to have her sworn for the purpose of assisting the court and jury in understanding his testimony. Defense counsel objected to the use of a relative for such a purpose and insisted upon using a disinterested person. The objection was sustained and a speech therapist was used instead of Lightsey's sister. With considerable difficulty, Lightsey " testified " that he was kicked by one of the defendants and that a sum of money was taken from his person. Detectives Beckles and Bergmann testified that their unmarked patrol car was stopped for

a red traffic light when they observed a group of people in the hallway in question. Beckles testified further that he got out of the car and approached the hallway to investigate. When he was within approximately six feet of the group in the hallway, he "observed 4 men going through the pockets of the complainant, who was on the ground." As Beckles approached the hallway door, defendant ran out of the building, but was apprehended by Detective Bergmann. The jury acquitted defendant of the robbery and assault counts of the indictment, but convicted him of attempted grand larceny in the first degree, under the count of the indictment charging him with grand larceny in the first degree. It is defendant's contention (1) that the Trial Justice erred in denying his motion to strike Lightsey's testimony as unreliable and because Lightsey's handicap made effective cross-examination impossible and (2) that the evidence apart from Lightsey's testimony was insufficient to establish his guilt. In our opinion, defendant was in no way prejudiced by Lightsey's testimony. Since defendant was acquitted on the robbery and assault counts, it would appear that the jurors either refused to credit or were unable to comprehend Lightsey's testimony and that their verdict of guilty of *attempted* grand larceny in the first degree was based upon the police testimony alone, which, in our opinion, was sufficient to establish defendant's guilt beyond a reasonable doubt (see former Penal Law, § 1294, subd. 1). Christ, Acting P. J., Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur.